UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUSTIN INVESTMENT FUND, LLC, by and
through BRUCE ELIEFF,

       Plaintiffs,

       v.

UNITED STATES OF AMERICA,

       Defendant.

Civil Action No. 11-2300 (CKK)

**MEMORANDUM OPINION**
(May 8, 2014)

Presently before the Court is Plaintiff's [75] Motion to Set Aside Order of Dismissal. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court GRANTS Plaintiff's Motion. Accordingly, this action is REINSTATED. The parties shall adhere to the schedule set out in the accompanying Memorandum Opinion.

**I. BACKGROUND**

On May 16, 2011, Austin Investment Fund, by and through individuals Bruce Elieff and Kathy Abrahamson, filed a [1] Petition for Review of Final Partnership Administrative Adjustments in the United States District Court for the Central District of California. On December 29, 2011, the case was transferred to this Court. *See* Minute Order (Dec. 30, 2011). Soon after the case was transferred to this Court, Abrahamson's then-counsel filed a [39] Motion

---

[1] Pl.'s Mot. to Set Aside Order of Dismissal, ECF No. [75] ("Pl.'s Mot."); Mem. in Supp. of Mot. to Set Aside Order of Dismissal, ECF No. [75-1] ("Pl.'s Mem."); Def.'s Resp. in Opp'n to Bruce Elieff's Mot. to Set Aside Order of Dismissal, ECF No. [76] ("Def.'s Opp'n"); Reply to Def.'s Obj. to Elieff's Mot. to Set Aside Order of Dismissal, ECF No. [79] ("Pl.'s Reply"). In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

to Withdraw.  This motion listed Abrahamson's current mailing address as 26 Pelican Point Drive, Newport Beach, CA 92657 (the "Newport Beach address").  Rather than respond to this motion, Abrahamson then entered a [41] Notice of Appearance Pro Se in which she indicated that she should be served at the Newport Beach address.  However, after Abrahamson failed to appear at the Initial Scheduling Conference on April 13, 2012, the Court dismissed her claims without prejudice.  *See* Order, ECF No. [51].

With Abrahamson's claims dismissed, the case proceeded to discovery.  On April 13, 2012, the Court issued a [52] Scheduling and Procedures Order setting out deadlines for discovery, which was set to conclude on March 29, 2013.  However, quickly after discovery began, Elieff's counsel, Edward O.C. Ord, moved to stay proceedings in this case due to his diagnosis with oral cancer.  *See* Bruce Elieff's Mot. to Extend All Court Set Deadlines for Six Months and to Put a Stay on All Proceeding in this Matter for that Same Period, ECF No. [57].  The Court granted this stay, *see* Minute Order (July 9, 2012), which continued through August 2013 when Mr. Ord filed a [68] Motion to Withdraw as Legal Counsel.  Mr. Ord represented that he was withdrawing both because of his health and because "[a] conflict has arisen which the plaintiff has not been able to resolve which precludes counsel from continuing as counsel in this case."  On August 6, 2013, the Court granted Mr. Ord's motion, *see* Order, ECF No. [70].  On the same day, the Court issued a Minute Order stating "Plaintiffs shall secure new counsel and have that attorney enter an appearance by no later than September 20, 2013.  If Plaintiffs are unable to secure counsel by that date, they shall file a report on that date explaining their efforts."  Minute Order (Aug. 6, 2013).  Because Elieff purported to represent the interests of Austin Investment Fund, a corporation, the Court presumed that he could not proceed *pro se* in this matter.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the

law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Having no address on file for Plaintiff other than the Newport Beach address, the Clerk of the Court mailed a copy of the Minute Order to this address.

On September 19, 2013, apparently having received the Court's Minute Order, Elieff filed a [71] Status Report which stated: "I request that I be given an additional 30 days to arrange for and have counsel appear." Elieff did not provide any additional information regarding his efforts to obtain counsel. He signed the Status Report and listed the following address below his signature: 2392 Morse Avenue, Irvine, CA 92614 (the "Irvine address"). Elieff, however, did not file a notice of change of address, as required by the Local Civil Rules. *See* LCvR 5.1(c)(1) ("Unless changed by notice filed with the Clerk, the address and telephone number of a party or an attorney noted on the first filing shall be conclusively taken as the last known address and telephone number of the party or attorney."). On September 23, 2013, the Court issued another Minute Order granting Elieff until October 21, 2013 to either arrange for counsel to appear, or file a detailed explanation of his efforts to obtain counsel. Minute Order (Sept. 23, 2013). The Clerk of the Court, unaware that the Irvine address was a possible address of record for Plaintiff, mailed this Minute Order to the Newport Beach address, which was listed on the docket as the address of record for Plaintiff.

Elieff never responded to the September 23, 2013 Minute Order, and after the October 21, 2013 deadline came and went, the Court issued another Minute Order on November 18, 2013 stating that if the report regarding efforts to obtain counsel was not received by December 6, 2013, "this Court [would] dismiss Plaintiffs' claims without prejudice for want of prosecution." *See* Minute Order (Nov. 18, 2013). Again, the Clerk of the Court mailed this Minute Order to the Newport Beach address.

Receiving no response to the November 18, 2013 Minute Order, the Court issued another [72] Order on December 20, 2013. The Order first stated that Abrahamson's claims, which had already been dismissed without prejudice (as discussed), were dismissed without prejudice for her failure to respond to the Court's orders.[2] More importantly, the Order also recognized that the Court's previous Minute Orders regarding reports as to obtaining counsel and potential dismissal for want of prosecution had only been sent to the Newport Beach address, and thus may not have reached Elieff. On this point, the Order explained:

> The Court also notes that copies of these Minute Orders were not sent to Plaintiff Bruce Elieff, who did not supply an address of record on the docket. The Court is aware that in the past, Plaintiff Elieff has responded to notices that the Clerk's Office has only mailed to Plaintiff Abrahamson, suggesting that he too has received notice of the Court's most recent orders. *See* Plaintiff Bruce Elieff's Status Report, ECF No. [71]. However, out of an abundance of caution, because it is unclear whether Plaintiff Elieff has received actual notice of the Court's Minute Orders of September 23, 2013 and November 18, 2013, the Court will provide Plaintiff Elieff one final opportunity to respond to these orders. If, by January 15, 2014, new counsel does not enter an appearance in this action or Plaintiff Elieff does not file a report explaining in detail his efforts to obtain new counsel, the Court will dismiss this entire action without prejudice for want of prosecution. The Clerk of the Court shall mail of the copy of this Order to Plaintiff Elieff at the address indicated in previous filings with the Court. *See* Plaintiff Bruce Elieff's Status Report, ECF No. [71].

*See* Order, ECF No. [72] at 1-2. At the Court's instruction, the Clerk of the Court mailed a copy of this Order to the Irvine address.

The Court received no response from Elieff by the January 15, 2014 deadline and on January 23, 2014, it issued another [73] Order which dismissed this case without prejudice for want of prosecution. At the Court's instruction, the Clerk of the Court mailed a copy of this Order to the Irvine address.

---

[2] This re-dismissal of Abrahamson's claims was redundancy on the part of the Court, although without prejudice to any party and irrelevant to the present dispute.

4

On February 14, 2014, Mr. Ord entered an appearance as counsel for Elieff. *See* Notice of Appearance, ECF No. [74]. The following day, Elieff, through counsel, filed the present [75] Motion to Set Aside Order of Dismissal. In this motion and the supporting documents, Elieff states that he did not receive the Court's December 20, 2013 Order, nor was he aware of its existence from any source in December 2013 or January 2014. Pl.'s Mem. at 2. As support for this statement, Elieff provides his own declaration as well as the declaration of his assistant, Angela Vinci. Pl.'s Mem., Ex. A (Decl. of Bruce Elieff) ¶ 3; *Id.*, Ex. B (Decl. of Angela Vinci) ¶¶ 5, 10. Elieff states in his declaration that Abrahamson, his ex-wife, did not inform him of the December 20, 2013 Order. *Id.*, Ex. A ¶ 8. Elieff does not address whether he received notice of the Court's earlier Minute Orders sent to Abrahamson's Newport Beach address. In addition, in response to the Court's prior requests that he explain his efforts to obtain counsel, Elieff states that he lacked the monetary resources to afford counsel due to his financial struggles since the 2008 bankruptcy of Lehman Brothers, which he states was the principal source of funding for his company. *Id.* at 4-5, Ex. A ¶ 6. Elieff further states that the continued dismissal of the case would result in liability of $10 million for him. *Id.* at 7-8.

The United States subsequently filed a Response in Opposition to Bruce Elieff's Motion to Set Aside Order of Dismissal. *See* Def.'s Opp'n. The United States argues that Plaintiff's motion should be denied because Elieff failed to communicate with the Court even before the December 20, 2013 Order. *Id.* at 3. The United States argues that Elieff's complete failure to follow up with the Court between September 2013 and February 2014 justifies this action's continued dismissal. *Id.* at 2. In addition, Defendant takes issue with Elieff's assessment of his potential liability if this case is dismissed, arguing that $10 million is a grossly exaggerated

estimate. *Id.* at 4-6. Plaintiff then filed a reply in support of the motion, which primarily responds to Defendant's arguments regarding Elieff's potential liability. Pl.'s Reply at 4-6.

## II. LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure a district court is permitted to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). Previous cases have analyzed the claimed loss of documents in the mail or errors in mailing under Rule 60(b). *See Trupei v. United States*, 274 F.R.D. 38, 39 (D.D.C. 2011); *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295-96 (7th Cir. 1998). Here, Plaintiffs' counsel relies upon Rule 60(b)(1) and Rule 60(b)(6). Rule 60(b)(1) permits a court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) represents a catch-all provision, permitting a court to relieve a party from an order for "any other reason that justifies relief" besides Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).

## III. DISCUSSION

In support of the Rule 60(b) motion, Elieff argues that his failure to receive the December 20, 2013 Order constitutes the "excusable neglect" sufficient under Rule 60(b)(1) to forgive his failure to respond by January 15, 2014. Pl.'s Mem. at 8-12. The Supreme Court has set out four factors for determining what constitutes "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Inc.*, 507 U.S. 380, 395 (1993). These factors are: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the

movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer*, 507 U.S. at 395). The inquiry into whether a party's action constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, on balance, these factors favor reinstating this case pursuant to Rule 60(b)(1). As to the first factor, the United States has not alleged any prejudice from granting Plaintiff's motion and reinstating this case.[3] With respect to the second factor, Elieff's six-month failure to respond to the Court's orders did not clearly delay proceedings in this case. Prior to its dismissal, this case had been stayed since July 2012 due to the illness and withdrawal of Plaintiff's current counsel. Consequently, Elieff's actions hardly stopped a swiftly moving case in its tracks. In addition, Elieff states that *even if* he had timely responded to the Court's orders and provided a description of his efforts to obtain counsel, he would have explained that he lacked funds to obtain counsel and required a further extension. Pl.'s Reply at 4. If Elieff had supplied this evidence and the Court had granted these extension requests, the case then would have remained in a holding pattern until February 2014, when Mr. Ord returned as counsel. Accordingly, Elieff's failure to follow the Court's deadlines has not significantly impacted these proceedings.

---

[3] Indeed, the only prejudice discussed by the parties is prejudice to Elieff from the continued dismissal of this case. Elieff argues that if this case remains dismissed, he will be exposed to liability of approximately $10 million. Pl.'s Mem. at 7-8. Defendant disputes this calculation, arguing that a far lower amount is at stake in this litigation. Def.'s Opp'n at 4-6. Although this dispute is irrelevant to the resolution of Plaintiff's motion, the Court notes that the amount at stake in this litigation does not equal the level of prejudice to Elieff. Because Plaintiff's case was dismissed *without prejudice*, and neither party argues that the statute of limitations has expired on Plaintiff's claim, the only prejudice to Elieff from continued dismissal would be the filing fee associated with initiating a new action.

As to the remaining two factors – the reason for the delay and the absence of bad faith – Elieff offers the explanation that he did not receive the Court's December 20, 2013 Order advising him that this case would be dismissed without prejudice if he failed to respond. Although previous orders were not sent to the Irvine address, the December 20, 2013 Order was, and "[p]roof that mail matter is properly addressed, stamped and deposited in an appropriate receptacle has long been accepted as evidence of delivery to the addressee." *Legille v. Dann*, 544 F.2d 1, 4-5 (D.C. Cir. 1976). Nevertheless, this "presumption is rebuttable." *Id.* at 5-6 ("If the opponent does offer some evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the (factfinder's) hands free from any rule."). In past cases, affidavits that a party never received a piece of mail have provided sufficient evidence to rebut the presumption of delivery. *See Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 5 (D.D.C. 2008). Here, Elieff offers his own declaration as well as the declaration of his assistant that the Court's December 20, 2013 Order was never received at the Irvine address. Elieff's declaration further states that he had no notice of the December 20, 2013 Order in December 2013 or January 2014. Pl.'s Mem., Ex. A ¶ 3. Both declarations are made under penalty of perjury. Since the Court presumes that Elieff and his assistant are not engaging in perjury, it has no reason to question these declarations.

In addition, since the Court's previous orders were sent to the Newport Beach address, the Court cannot fault Elieff for failing to respond to mail sent to the address of another. To be sure, the Court has some doubts that Elieff did not receive any of the orders prior to December 20, 2013, as he did respond to the Court's August 6, 2013 Minute Order which was only sent to the Newport Beach address. Elieff provides no explanation for how this Minute Order reached him. Nevertheless, the Court will not infer bad faith from this silence alone, as it is possible that

Elieff could have been advised of the order by Mr. Ord, who withdrew as Plaintiff's counsel the same day the Minute Order was issued.

Although the Court does not find bad faith, it notes that Elieff was certainly derelict in his duty to keep track of his case. *See Breen v. LaHood*, 597 F.Supp.2d 84, 88 (D.D.C. 2009) ("Plaintiffs are expected to use reasonable diligence in participating in litigation, and plaintiffs are expected to maintain communication with their counsel."); *Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112 (M.D. Fla. 1997) (noting that plaintiff "had a duty to monitor the progress of the case, communicate with her attorney, and to inquire of the Court as to the status of her case in the event she is unable to contact her attorney."). Here, Elieff failed to provide the Court with an address at which he could be reached, leading the Clerk of the Court to mail correspondence to the only address on record, Abrahamson's Newport Beach address. Although his September 19, 2013 Status Report included the Irvine address in a signature block, Elieff never indicated that this was the address at which the Clerk of the Court should send him materials. *See* LCvR 5.1(c)(1) ("Unless changed by notice filed with the Clerk, the address and telephone number of a party or an attorney noted on the first filing shall be conclusively taken as the last known address and telephone number of the party or attorney."). Furthermore, after submitting his Status Report on September 19, 2013, Elieff completely failed to inquire into the status of his case until February 2014. If he had, he would have seen that his case was in danger of being dismissed. Nevertheless, because Elieff was effectively functioning as a *pro se* litigant once Mr. Ord withdrew in August 2013, and because the Court has no clear evidence of bad faith on Elieff's part, the Court will grant Plaintiff's motion and reinstate this case.[4]

---

[4] Because the Court grants Plaintiff's motion pursuant to Rule 60(b)(1), Rule 60(b)(6) relief is inappropriate here, as claims under Rule 60(b)(6) must not be "premised on one of the

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's [75] Motion to Set Aside Order of Dismissal is GRANTED.  This action is therefore REINSTATED.  Furthermore, in light of the appearance of Plaintiff's counsel, the stay imposed by the Court's July 9, 2012 Minute Order is LIFTED.  An appropriate order accompanies this Memorandum Opinion.  The parties shall adhere to the schedule for further proceedings set out in this Order.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).